KEVIN E. FUSCH (SBN 255877)
PATRICIA H. LYON (SBN 126761)
FRENCH LYON TANG
A Professional Corporation
1550 Parkside Drive, Suite 250
Walnut Creek, CA 94596
Telephone: (415) 597-7816

Attorneys for Movants,
MEDALLION GOLD INC. and
MEDALLION SERVICING, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| In re:<br><br>PRIORITY ACQUISITIONS, INC,<br><br>                  Debtor. | Case No.: 23-41651-CN-7<br><br>R.S. No. PHL-201<br><br>Chapter 7<br><br>**MOTION FOR *IN REM* RELIEF FROM THE AUTOMATIC STAY (Local Bankruptcy Rule 4001-1 and 9014-1(f)(2), 11 U.S.C. §362(d)(1), (d)(2) and (d)(4), and Bankruptcy Rule 4001)**<br><br>Hearing<br>Date: May 24, 2024<br>Time: 10:00 a.m.<br>Ctrm: 215<br>**Hearing to be conducted in person and by Telephone or Video Conference |

**I.     INTRODUCTION.**

Movants MEDALLION GOLD INC. ("Medallion Gold") and MEDALLION SERVICING LLC (Medallion Servicing and collectively with Medallion Gold referred herein from time to time collectively as "Movant") move this Court for an order terminating the automatic stay of 11 United States Code Section 362(d)(1), (d)(2), and (d)(4) as to Movant so that Movant may pursue foreclosure remedies under certain deeds of trust covering the real property located at 4747 and 4701 Ewing Road, Castro Valley (the "Ewing Property"). Debtor Priority Acquisitions, Inc., ("Debtor") and its principal, Jeremy Musson ("Musson") is acting in

-1-

Case: 23-41651  Doc# 23  Filed: 05/09/24  Entered: 05/09/24 16:18:27  Page 1 of 8

MOTION FOR RELIEF FROM STAY
CASE NO. 23-41651

bad faith in connection with Ewing Property

According to Debtor's Schedules filed in this case, Musson is the sole holder of 100% of the equity interest in Debtor. (Docket No. 13 at p. 19, Section 28). Although the Schedules list the Property as an asset of the Debtor (Docket No. 13, at p. 2, Section 55), Musson caused Debtor to transfer title to himself prior to the filing of this Chapter 7 case. At the time of the transfer, Musson was, himself, a Chapter 13 Debtor in this very court. Musson's actions as the principal of Debtor were designed to delay Movant's foreclosure of its interest in the Property and, as such, were made in bad faith.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Factual Summary.

Movant Medallion Servicing services two (2) loans to Debtor as follows:

1. A loan arranged by Movant Medallion Gold and serviced by Movant Medallion Servicing in the amount of $735,000.00 (the "2016 INC Loan") evidenced by a Promissory Note dated February 25, 2016 in the amount of $735,000.00 (the "2016 INC Note") and secured by a Deed of Trust (the "2016 INC DOT") covering real property commonly known as 4747 Ewing Road, Castro Valley California (the "Ewing Property"). (Declaration of Brenda Voelker filed herewith "Voelker Decl.", ¶2; Exhibits 1 and 2 to the Exhibit List.) The 2016 INC Note, the 2016 INC DOT, and all other documents executed by Priority Inc. in connection with the 2016 INC Loan were signed by Jeremy Musson as the "Appointed Officer." *Ibid*.

2. A loan made by Movant Medallion Gold to Debtor in the amount of $420,000.00 (the "2019 INC Loan") evidenced by a promissory note dated September 2, 2019 (the 2019 INC Note") and secured by a Deed of Trust (the "2019 INC DOT") covering the Ewing Property. (Voelker Decl, ¶3 and Exhibits 3 and 4 to the Exhibit List.) The 2019 INC Note, the 2019 INC DOT, and all other documents executed by Priority Inc. in connection with the 2016 INC Loan were signed by Jeremy Musson as the "Officer." *Ibid*.

Both of the Loans are in default for nonpayment of the amounts due. The 2016 INC Note matured and was due and payable in full on March 14, 2021. (Voelker Decl., ¶4.) In January, 2023, the 2019 INC Note became in default as a result of the failure to make monthly payments

due from January 1, 2023 and the payments due thereafter. (*Ibid*) Both Loans are also in default as a result of Debtor's failure to maintain insurance and the failure to pay real property taxes (Id., see, also the Trustee's Sale Guaranty attached as Exhibit "10" to the Exhibit List; Fusch Decl., ¶5 and Exhibits "13" and"14" to the Exhibit List).

Movant decided to pursue foreclosure remedies against the 2019 INC Note first. (Voelker Decl.,¶5.)  Movant retained Peak Foreclosure Services, Inc. ("Trustee"), to act as trustee under the 2019 INC DOT.  (Voelker Decl., ¶5.)  A Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on August 9, 2023, as Document No. 2023090110, Official Records, County of Alameda, California.  (Voelker Decl., ¶5 and Request for Judicial Notice filed herewith "RFJN," ¶1 Exhibit 5 to the Exhibit List.)  Thereafter, a Notice of Trustee's Sale was published and recorded setting a trustee's sale date of December 19, 2023. (Voelker Decl., ¶5, RFJN, ¶2, and Exhibit 6 to the Exhibit List.)

On December 18, 2023, the day before the trustee's sale date, Priority Inc. filed its petition under Chapter 7 in this Case.  (Voelker Decl., ¶6, Docket No. 6, and Exhibit 7 to the Exhibit List.)  Although the Ewing Property is listed as an asset of Priority Inc., Movant's attorneys searched the Alameda County Public Records and found that Jeremy Ryan Musson, acting as the officer of Priority Inc., transferred title to the Ewing Property *to himself* pursuant to a Quitclaim Deed recorded on December 14, 2023, in the Official Records, Alameda County, California (the "Ewing Quitclaim Deed"), four (4) days prior to the scheduled Trustee's Sale and four (4) days *prior* to the filing of this Bankruptcy Case.  (RFJN ¶¶3-4 and Exhibits "8" and "9" to the Exhibit List.)  Movant had no knowledge of and did not consent to the transfer of title to Debtor.  (Voelker Decl., ¶7.)

At the time of the recording of the Ewing Quitclaim Deed, Mr. Musson was himself a debtor under Chapter 13 of the Bankruptcy Code, Case No. 23-41036-CN-13.  The Schedules filed in that case do not reflect Mr. Musson's interest in Priority Inc., or the Ewing Property. (Fusch Decl., ¶3; RFJN ¶5 and Exhibit 12 to the Exhibit List.)

-3-

MOTION FOR RELIEF FROM STAY
CASE NO. 23-41651

**B. Movant Is Entitled To Relief From the Automatic Stay for Cause Under 11 United States Code Section 362(d)(1).**

By enacting § 362(d)(1) of the Bankruptcy Code, Congress recognized that the protections of the automatic stay should not be used to unduly bind a secured creditor when cause exists and its interest in its collateral is not adequately protected. Upon the request of a party in interest, a court shall grant relief from the automatic stay "for cause", which includes the lack of adequate of the party's interest in property. (11 U.S.C. § 362(d)(1).) The Bankruptcy Code does not define adequate protection, but illustrates what may constitute such protection. Section 361 provides a non-exclusive list of examples of how adequate protection may be provided, including by "granting such relief to the secured creditor as will result in the creditor's realization of the "indubitable equivalent" of its interest in the collateral". (11 U.S.C. § 361.)

The adequacy of an equity cushion is determined by whether there is sufficient value in the collateral to protect a secured creditor from a diminution in the value of its interest. (*La Jolla Mortgage Fund v. Rancho El Cajon Associates*, 18 B.R. 283 (Bankr. S.D. Cal. 1982), hereinafter *La Jolla Mortgage Fund*.) Accordingly, an equity cushion is determined by comparing the value of the property to the sum of the secured claims on the property. (*In re Liona Corp.*, 68 B.R. 761 (Bankr. E.D. Pa. 1987), hereinafter *Liona Corp.*) Typically, the benchmark for a sufficient equity cushion is in the range of ten to twenty percent. (*Mellor* at pages 1400-1401.)

In this case, cause exists not only because there is no equity in the Property, but also because of Debtor's bad faith dealings. The value of the Ewing Property is more than $523,000 less than the total liens against the Ewing Property. (Voelker Decl., ¶9: Exhibit "11" to the Exhibit List.) Total liens are approximately $1,7103,788/26, while the value is only about $1,180,000.00 (*Ibid*.)

Accordingly, Movant is entitled to relief from stay under 11 United States Code Section 362(d)(1) for cause.

/ / /

/ / /

/ / /

### C. Relief From the Automatic Stay is Appropriate Under 11 United States Code Section 362(d)(2).

11 United States Code Section 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor has no equity in the property and the property is not necessary to the debtor's effective reorganization. Creditors are routinely granted relief from stay in order to proceed to enforce rights and remedies against property in which the debtor has no equity and such property is not necessary for reorganization. See *In re San Clemente Estates,* 5 B.R. 605, 610 (S.D. Cal. 1980). In order to determine whether equity exists in the property for purposes of Section 362(d)(2), all encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from stay. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984).

As set forth above, the value of the Ewing Property is more than $523,000 less than the total liens against the Ewing Property. (Voelker Decl., 9.) Total liens are approximately $1,713,892.90, while the value is only about $1,180,000.00. (Voelker Dec., ¶¶8 and 9.) Since this case is a Chapter 7 case, by definition, the Ewing Property is not necessary for reorganization.

Debtor has transferred title to the Ewing Property without Movant's consent. Further, even though the Ewing Quitclaim Deed was recorded prior to the Petition date in this Case, Debtor did not inform this Court of the transfer of title to the Ewing Property or amend the scheduled filed in his personal bankruptcy case to list his interest in the Ewing Property or in the legal entities that, at one time, held title to the Collateral Properties. Clearly, Mr. Musson is abusing the bankruptcy system to avoid the Trustee's sale.

Accordingly, relief from the automatic stay is appropriate pursuant to 11 United States Code Section 362(d(2).

### D. Relief From the Automatic Stay is Appropriate Under 11 United States Code Section 362(d)(4).

11 United States Code Section 362(d)(4) provides that relief from the automatic stay shall be granted if the debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors. In this case, relief from stay should be granted under 11 U.S.C. §362(d)(4) because it

is readily apparent based on the Debtor's actions he is acting in bad faith and is abusing the bankruptcy system to avoid the Trustee's sales with respect to the Collateral Properties. As noted by the United States Supreme Court in *Grogan v. Garner*, the protections of the automatic stay in bankruptcy is limited to the "honest but unfortunate debtor." *See Grogan v. Garner,* 498 U.S. 279, 287, 112 L. Ed. 2d 755, 111 S.Ct. 654, 659 (1991). Other bankruptcy courts have found that the filing of multiple bankruptcy proceeds and other actions for the sole purpose of invoking the automatic stay is not only an abuse of process, it is an act of bad faith. *See Matter of Inesta Quinones*, 73 B.R. 333, 338 (Bankr. D. P.R. 1987); *see also In re Kinney*, 51 B.R. 840, 845 (Bankr. C.D. Cal. 1985); *County of Fresno v. Golden State Capital Corp.* (*In re Golden State Capital Corp.*), 317 B.R. 144 at pp. 148-149.

Based on Debtor's actions, Mr. Musson is clearly acting in bad faith and is abusing the bankruptcy system to delay the foreclosure efforts. In fact, this Court has already recognized that Mr. Musson and Debtor have not acted in good faith with respect to other transfers of title to various properties. Creditor Silver Lantern, LLC, filed its motion for *in rem* relief on April 11, 2024 (Docket Nos 19 and 20) based on the assertion that Jeremy Musson, the principal of Debtor had engaged in a scheme to delay, hinder, or default under Section 362(d)(4) in connection with Silver Lantern's attempts to foreclose on other real property. At the hearing on May 3, 2024, the Court granted *in rem* relief as noted on the Docket in this case.

Unless this Court enters an Order granting relief from stay pursuant to 362(d)(4), Debtor will continue to file bankruptcy petitions or transfer title to the Property to other individuals and/or companies that will file bankruptcy petitions in a perpetual effort to prevent Movant from foreclosing on its Deeds of Trust. Accordingly, relief from the automatic stay should be granted *in rem* so that Movant is not faced with yet another bankruptcy filing down the road.

Further, *in rem* relief from stay is necessary because although Debtor no longer holds title to the Property, other parties still have fractional interests in the Property and it is highly likely that Mr. Musson will keep transferring the Property to other companies.

Accordingly, Movant seeks an *in rem* order for relief pursuant to 11 United States Code Section 362(d)(4) requesting that an order, if recorded in compliance with applicable State laws

governing notices of interests or other liens in real property, be binding in any other case under this title, purporting to affect the Property, filed not later than two (2) years after the date of the entry of such order by this Court.

### III. CONCLUSION.

WHEREFORE, Movant respectfully requests that this Court enter its order as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362 allowing Movant to enforce its rights and remedies under is Deeds of Trust, including without limitation to proceed with judicial or nonjudicial foreclosure, and such other remedies available under the Deeds of Trust, and California law;

2. Granting relief from stay *in rem* so that the Order may be recorded in the Alameda County Records to prevent future abuse;

3. For an Order, pursuant to 11 U.S.C. §362(d)(4), that if recorded in compliance with applicable State laws governing notices of interests or other liens in real property, said order shall be binding in any case under this title purporting to affect such real property filed not later than two (2) years after the date of the entry of such order based upon changed circumstances or for good cause, after notice and a hearing. Any Federal, State or local governmental unit shall accept any certified copy of an order described in this subsection for indexing and recording;

4. Waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3);

5. Granting Movant leave to take appropriate action necessary to obtain possession of the Property after foreclosure, including without limitation the right to file an unlawful detainer action, if necessary;

6. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the 2019 LLC Note and the 2019 INC Note as allowed under applicable non-bankruptcy law;

7. In the event this case is dismissed before Movant's Motion can be heard, Movant requests that this Court retain jurisdiction to hear the pending motion for in rem relief from the automatic stay as authorized in *In re Aheong*, 276 B.R. 233, 242 (9th Cir. BAP 2002); and

///

8. For such other and further relief as the Court deems just and proper.

Dated: May 9, 2024

FRENCH & LYON
A Professional Corporation

By: /s/ Patricia H. Lyon
Patricia H. Lyon
Attorneys for Movants,
MEDALLION GOLD INC. and
MEDALLION SERVICING, LLC

-8-

MOTION FOR RELIEF FROM STAY
CASE NO. 23-41651

Case: 23-41651   Doc# 23   Filed: 05/09/24   Entered: 05/09/24 16:18:27   Page 8 of 8