Marc D. Coopersmith, SBN 205303
Brian P. Hedstrom, SBN 212383
Golden State Lumber, Inc.
855 Lakeville Street, Suite 200
Petaluma, California 94952
Telephone: (707) 206-4100
Attorney for Movants Golden State Lumber, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORIA

(OAKLAND DIVISION)

| | |
|---|---|
| In re:<br><br>PRIORITY ACQUISITIONS INC. | No. 23-41651-CN-7<br><br>R.S. No.: MDC-001<br><br>Chapter 7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR *IN REM* RELIEF FROM THE AUTOMATIC STAY (LOCAL BANKRUPTCY RULE 4001-1 AND 9014-1(F)(2), 11 U.S.C. §362(C), (D)(1), (D)(2) AND (D)(4), AND BANKRUPTCY RULE 4001)**<br><br><u>Hearing:</u><br>Date: June 7, 2024<br>Time: 10:00 a.m.<br>Courtroom: 215<br>\*\*Hearing to be conducted in person and by Telephone and Video Conference |

### I.   INTRODUCTION

Movant GOLDEN STATE LUMBER, INC. (hereinafter "Golden State") moves this Court for an order terminating the automatic stay of 11 United States Code Section 362(d)(1), (d)(2), and

(d)(4) as to Movant so that Movant may pursue its mechanics lien foreclosure of the real property located at 4747 Ewing Road in Castro Valley, California (hereinafter the "Property"). Debtor Priority Acquisitions, Inc., (hereinafter "Debtor") and its principal, Jeremy Musson (hereinafter "Musson") are acting in bad faith in connection with the Property.

According to Debtor's Schedules filed in this case, Musson is the sole holder of 100% of the equity interest in Debtor. (Docket No. 13 at p. 19, Section 28). Although the Schedules list the Property as an asset of the Debtor (Docket No. 13, at p. 4, Section 55), Musson caused Debtor to transfer title to himself prior to the filing of this Chapter 7 case. At the time of the transfer, Musson was, himself, a Chapter 13 Debtor in this Court. Musson's actions as the principal of Debtor were designed to delay Movant's foreclosure of its interest in the Property and, as such, were made in bad faith.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Factual Background

An open book account was opened by and between Movant and Debtor for the purpose of obtaining lumber, plywood, hardware, and miscellaneous building materials. A true and correct copy of the Credit Application/Agreement executed on February 8, 2022 by Musson on behalf of Debtor is attached as Exhibit A to Exhibit 1 to the Exhibit List and incorporated herein by this reference.

Debtor became indebted to Golden State on that open book account for money due in the amount of $79,488.49, comprising $75,177.45 in outstanding principal and $4,311.04 in outstanding finance charges, plus finance charges at the pre-agreed, contract rate of eighteen percent (18%) per annum, from and after July 31, 2022, with regard to Golden State's provision of lumber, plywood, and related building materials to Debtor for use in connection with the work of improvement Debtor undertook at the Property.

Although not required by law to do so given that Golden State was in direct contract with Debtor, on or about March 18, 2022, within 20 days after Golden State first furnished materials for the Property, Golden State served a preliminary 20-day notice (private work/public work) on Debtor, in accordance with the provisions of the Civil Code by certified mail, return receipt

requested. The notice included a declaration under penalty of perjury that it was served in accordance therewith. A copy of this notice together with the declaration is attached as Exhibit C to Exhibit 1 to the Exhibit List.

As admitted by Debtor, the materials providing the basis for the debt have been actually used in the construction of the work of improvement at the Property. See Exhibit 3 to the Exhibit List. After Golden State ceased furnishing materials to the work of improvement at the Property, and in order to advance the process of effecting and perfecting a procedurally sound mechanics lien claim with regard to the Property, Golden State duly recorded an original Mechanics Lien claim setting forth its demands, the name of the reputed owner, a description of the affected real property, a statement of materials, the identities of the respective parties involved, and the estimated amount of the indebtedness in the amount of $76,177.45 resulting from Golden State's provision of materials and supplies. Golden State recorded said Mechanics Lien on or about June 21, 2022, as document number 2022114813 in the office of the Alameda County Recorder after causing it to be served by certified mail, return receipt requested, in accordance with the Civil Code. A true and correct copy of that recorded Mechanics Lien is attached as Exhibit D to Exhibit 1 to the Exhibit List.

Thirty (30) days had not lapsed since the recordation of any Notice of Completion of any work of improvement or cessation of labor or acceptance thereon, since June 21, 2022, the date Golden State recorded its lien, ninety (90) days had not lapsed since the completion of the work of improvement involved herein and June 21, 2022, and ninety (90) days had not lapsed since June 21, 2022 and the filing of Golden State's Complaint on September 12, 2022, which is attached as Exhibit 1 to the Exhibit List.

Golden State timely recorded and served a *lis pendens* giving notice of the pendency of its state court action foreclose the mechanics lien within 20 days of June 21, 2022 in accordance with California Civil Code section 8461. A true and correct copy of the *Lis Pendens* is attached as Exhibit 2 to the Exhibit List.

Given the liens on the Property, lien priority will almost certainly be a factor in which lien claimants are paid, and what percentage of their respective claims they are paid. Golden State

Marc D. Coopersmith, SBN 205303 and Brian P. Hedstrom, SBN 212383
Golden State Lumber, Inc.
855 Lakeville Street, Suite 200, Petaluma, CA 94952
Tel: (707) 206-4100

contends its mechanics lien is senior to Medallion Gold Inc.'s claims in that Medallion Gold did not record its subject deeds of trusts until after commencement of the work of improvement on the Property. See California Civil Code § 8450(a) and Exhibit 3 to the Exhibit List. (Medallion Gold Inc. has its own motion for relief of stay before this court set for hearing on May 23, 2024.) Golden State and Medallion Gold Inc. should have the opportunity to litigate their respective lien priorities, whether in this court or in the Alameda County Superior Court, which case was stayed by the filing of this case.

B. Argument

1. Movant Is Entitled To Relief From the Automatic Stay for Cause Under 11 United States Code Section 362(d)(1).

By enacting § 362(d)(1) of the Bankruptcy Code, Congress recognized that the protections of the automatic stay should not be used to unduly bind a secured creditor when cause exists and its interest in its collateral is not adequately protected. Upon the request of a party in interest, a court shall grant relief from the automatic stay "for cause," which includes the lack of adequate protection of the party's interest in property. 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define adequate protection, but illustrates what may constitute such protection. Section 361 provides a non-exclusive list of examples of how adequate protection may be provided, including by "granting such relief to the secured creditor as will result in the creditor's realization of the "indubitable equivalent" of its interest in the collateral." 11 U.S.C. § 361.

The adequacy of an equity cushion is determined by whether there is sufficient value in the collateral to protect a secured creditor from a diminution in the value of its interest. *La Jolla Mortgage Fund v. Rancho El Cajon Associates*, 18 B.R. 283 (Bankr. S.D. Cal. 1982). Accordingly, an equity cushion is determined by comparing the value of the property to the sum of the secured claims on the property. *In re Liona Corp.*, 68 B.R. 761 (Bankr. E.D. Pa. 1987). Typically, the benchmark for a sufficient equity cushion is in the range of ten to twenty percent. *In re Mellor*, 734 F.2d 1396, 1400-1401 (9th Cir. 1984).

In this case, cause exists not only because there is no equity in the Property, but also because of Debtor's bad faith dealings. The value of the Ewing Property is more than

$523,000.00 less than the total liens against the Ewing Property. (Docket No. 23-2, paragraphs 8 and 9.) Total liens are approximately $1,703,788.26, while the value is only about $1,180,000.00. *Id.*

Accordingly, Movant is entitled to relief from stay under 11 United States Code Section 362(d)(1) for cause.

### 2. Relief From the Automatic Stay is Appropriate Under 11 United States Code Section 362(d)(2).

11 United States Code Section 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor has no equity in the property and the property is not necessary to the debtor's effective reorganization. Creditors are routinely granted relief from stay in order to proceed to enforce rights and remedies against property in which the debtor has no equity and such property is not necessary for reorganization. See *In re San Clemente Estates*, 5 B.R. 605, 610 (S.D. Cal. 1980). In order to determine whether equity exists in the property for purposes of Section 362(d)(2), all encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from stay. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984).

As set forth above, the value of the Property is more than $523,000.00 less than the total liens against the Property. (Docket No. 23-2, paragraphs 8 and 9.) Total liens are approximately $1,703,892.90, while the value is only about $1,180,000.00. *Id.* Since this case is a Chapter 7 case, by definition, the Property is not necessary for reorganization.

Accordingly, relief from the automatic stay is appropriate pursuant to 11 United States Code Section 362(d)(2).

### 3. Relief From the Automatic Stay is Appropriate Under 11 United States Code Section 362(d)(4).

11 U.S.C. 362(d)(4) provides that relief from the automatic stay shall be granted if the debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors. In this case, relief from stay should be granted under 11 U.S.C. §362(d)(4) because, based on Debtor's actions, he is acting in bad faith and is abusing the bankruptcy system. As noted by the United States Supreme Court in *Grogan v. Garner*, the protections of the automatic stay in bankruptcy is

Marc D. Coopersmith, SBN 205303 and Brian P. Hedstrom, SBN 212383
Golden State Lumber, Inc.
855 Lakeville Street, Suite 200, Petaluma, CA 94952
Tel: (707) 206-4100

Marc D. Coopersmith, SBN 205303 and Brian P. Hedstrom, SBN 212383
Golden State Lumber, Inc.
855 Lakeville Street, Suite 200, Petaluma, CA 94952
Tel: (707) 206-4100

limited to the "honest but unfortunate debtor." See *Grogan v. Garner*, 111 S.Ct. 654, 659 (1991). Other bankruptcy courts have found that the filing of multiple bankruptcy cases and other actions for the sole purpose of invoking the automatic stay is not only an abuse of process, it is an act of bad faith. See *Matter of Inesta Quinones*, 73 B.R. 333, 338 (Bankr. D. P.R. 1987); see also *In re Kinney*, 51 B.R. 840, 845 (Bankr. C.D. Cal. 1985); *In re Golden State Capital Corp.*), 317 B.R. 144, 148-149.

Based on Debtor's actions, Debtor is acting in bad faith and is abusing the bankruptcy system to delay foreclosure efforts. In fact, this Court has already recognized that Mr. Musson and Debtor have not acted in good faith with respect to other transfers of title to various properties. Creditor Silver Lantern, LLC, filed its motion for *in rem* relief on April 11, 2024 (Docket Nos 19 and 20) based on the assertion that Musson, the principal of Debtor had engaged in a scheme to delay, hinder, or default under Section 362(d)(4) in connection with Silver Lantern's attempts to foreclose on other real property. At the hearing on May 3, 2024, the Court granted *in rem* relief as noted on the Docket in this case.

Unless this Court enters an Order granting relief from stay pursuant to 362(d)(4), Debtor will continue to file bankruptcy petitions or transfer title to the Property to other individuals and/or companies that will file bankruptcy petitions in a perpetual effort to prevent Movant from foreclosing on its mechanics lien. Accordingly, relief from the automatic stay should be granted *in rem* so that Movant is not faced with yet another bankruptcy filing down the road.

Further, *in rem* relief from stay is necessary because although Debtor no longer holds title to the Property, other parties still have fractional interests in the Property and it is highly likely that Mr. Musson will keep transferring the Property to other companies.

Accordingly, Movant seeks an *in rem* order for relief pursuant to 11 United States Code Section 362(d)(4) requesting that an order, if recorded in compliance with applicable State laws governing notices of interests or other liens in real property, be binding in any other case under this title, purporting to affect the Property, filed not later than two (2) years after the date of the entry of such order by this Court.

///

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY**
**CASE NO. 23-41651**

### 4. Relief From the Automatic Stay is Appropriate Under 11 United States Code Section 362(c).

An automatic stay applies to real property so long as the property remains property of the estate under Subsection (c). "In as much as [Golden State] has demonstrated that [it] has a properly perfected mechanics' lien on the property and the trustee, by filing a report of no assets [as occurred in the case at bar], has indicated that the estate has no interest in the property, relief from stay is appropriate." *In re McCord* (Bankr. E.D. Ark. 1998) 219 B.R. 251, 253. Here, the trustee gave notice in May 2024 that the estate has no equity in the subject real property. With this in mind, and "the strong legislative desire to protect materialmen" like Golden State, this Court should grant the motion for relief of stay. See e.g., *In re KDR Bldg. Specialties, Inc.* (Bankr. S.D. Cal. 1987) 76 B.R. 778, 781. After all, the debtor does not have any equity cushion in the property. Thus, the property itself is not necessary to an effective reorganization.

## III. CONCLUSION

Movant respectfully requests that this Court enter its order as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362 allowing Movant to enforce its rights and remedies under its mechanics lien, including without limitation to proceed with judicial foreclosure, and such other remedies available under California law;

2. Granting relief from stay *in rem* so that the Order may be recorded in the Alameda County Records to prevent future abuse;

3. For an Order, pursuant to 11 U.S.C. §362(d)(4), that if recorded in compliance with applicable State laws governing notices of interests or other liens in real property, said order shall be binding in any case under this title purporting to affect such real property filed not later than two (2) years after the date of the entry of such order based upon changed circumstances or for good cause, after notice and a hearing. Any Federal, State or local governmental unit shall accept any certified copy of an order described in this subsection for indexing and recording;

4. Waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3);

///

///

5. In the event this case is dismissed before Movant's Motion can be heard, Movant requests that this Court retain jurisdiction to hear the pending motion for *in rem* relief from the automatic stay as authorized in *In re Aheong*, 276 B.R. 233, 242 (9th Cir. BAP 2002); and

6. For such other and further relief as the Court deems just and proper.

Dated: May 16, 2024                  Respectfully submitted,

/s/ Marc D. Coopersmith
Marc D. Coopersmith
Brian P. Hedstrom
Attorneys for Movant
Golden State Lumber, Inc.